IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
EASTERN DIVISION

4:04-CR-39-H-1

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | |
| ) | |
| v. ) | **ORDER** |
| ) | |
| ANTONIO DAVIS, ) | |
| Defendant. ) | |

This matter is before the court on defendant's motions "for relief pursuant to Descamps v. United States," [D.E. #91], and to correct the presentence report pursuant to Rule 36 of the Federal Rules of Criminal Procedure, [D.E. #94]. The government has not responded, and the time for filing a response has expired. This matter is ripe for adjudication.

**BACKGROUND**

On December 15, 2004, defendant was found guilty after trial by a jury as to count one of an indictment charging him with being a felon in possession of firearm in violation of 18 U.S.C. §§ 922(g)(1) and 924. [D.E. ##1, 34]. On June 6, 2005, the court sentenced defendant to a term of imprisonment of 188 months. [D.E. #41]. Defendant filed a notice of appeal on June 7, 2005. [D.E. #42]. The United States Court of Appeals for the Fourth Circuit affirmed defendant's judgment, and issued its mandate on March 30, 2006. [D.E. ##45, 46]. On June 6, 2007, defendant filed a motion to vacate pursuant to 28 U.S.C. § 2255

that was ultimately dismissed on August 15, 2007. [D.E. ##47, 50]. On November 1, 2012, defendant filed a second motion to vacate pursuant to 28 U.S.C. § 2255 without using the correct form. [D.E. #84]. Defendant failed to respond to the court's order to show cause why it should not dismiss defendant's motion due to his failure to prosecute, and his motion was dismissed on July 30, 2013. [D.E. ##90, 92]. Defendant filed the instant motions for relief pursuant to Descamps v. United States, [D.E. #91], and to correct the presentence report pursuant to Rule 36 of the Federal Rules of Criminal Procedure, [D.E. #94], on July 30, 2013 and September 29, 2014 respectively.

## COURT'S DISCUSSION

### I. Motion "for relief pursuant to Descamps v. United States," [D.E. #91]

Defendant's motion "for relief pursuant to Descamps v. United States," [D.E. #91], is construed as a collateral attack on his sentence. Defendant is challenging his designation as an armed career offender at sentencing. Therefore, defendant must satisfy the requirements set forth is 28 U.S.C. § 2255.

Pursuant to 28 U.S.C. § 2255(h), "a second or successive motion must be certified as provided in section 2244 by a panel of the appropriate court of appeals." Because defendant has previously filed multiple motions pursuant to 28 U.S.C. § 2255, this court is without jurisdiction to review the matter until

2

authorized to do so by the Court of Appeals. Accordingly this matter is DISMISSED WITHOUT PREJUDICE for the defendant to seek authorization to file a successive application in the Eastern District of North Carolina.

A certificate of appealability shall not issue absent "a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2) (2000). A defendant satisfies this standard by demonstrating that reasonable jurists would find that an assessment of the constitutional claims is debatable and that any dispositive procedural ruling dismissing such claims is likewise debatable. Miller-El v. Cockrell, 537 U.S. 322, 336-38 (2003); Slack v. McDaniel, 529 U.S. 473, 484 (2000); Rose v. Lee, 252 F.3d 676, 683-84 (4th Cir. 2001). A reasonable jurist would not find this court's dismissal of defendant's § 2255 motion debatable. Therefore, a certificate of appealability is DENIED.

### II. Motion to correct the presentence report pursuant to Rule 36 of the Federal Rules of Criminal Procedure, [D.E. #94]

Rule 36 of the Federal Rules of Criminal Procedure provides, in pertinent part, that "the court may at any time correct a clerical error in the judgment, order or other part of the record, or correct an error in the record arising from oversight or omission." Fed.R.Crim.P. 36. Defendant seeks to amend the presentence report to "include the fact that federal

3

prosecutors violated" a consolidated judgment issued by a state court. Defendant's claim is not cognizable under Rule 36; therefore, it is not properly before the court. Defendant's motion to correct the presentence report, [D.E. #94], is DENIED.

**CONCLUSION**

For the foregoing reasons, defendant's motion "for relief pursuant to Descamps v. United States," [D.E. #91], a 28 U.S.C. § 2255 claim, is DENIED WITHOUT PREJUDICE; and his motion to correct the presentence report pursuant to Rule 36 of the Federal Rules of Criminal Procedure, [D.E. #94], is DENIED. A certificate of appealability as to the 28 U.S.C. § 2255 motion is DENIED. The clerk is directed to close this case.

This 8th day of July 2015.

Malcolm J. Howard
Senior United States District Judge

At Greenville, NC
#34