IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
EASTERN DIVISION

4:04-CR-39-H-1

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | |
| ) | |
| v. ) | **ORDER** |
| ) | |
| ANTONIO DAVIS, ) | |
| Defendant. ) | |

This matter is before the court on the following motions filed by defendant:

1. Motion to Reduce Sentence Pursuant to 28 U.S.C. § 2255(f)(3)[DE #97];

2. Motion for Reduction of Sentence – Johnson [DE #100];

3. Motion for Reduction of Enhanced Sentence [DE #104];

4. Motion to Appoint Counsel [DE #105];

5. Motion to Supplement Pro Se Motion Regarding DE #97 [DE #106]; and,

6. Letter requesting Status Update on pending motions [DE #112].

## BACKGROUND

On December 15, 2004, defendant was found guilty after trial by a jury as to count one of an indictment charging him with being a felon in possession of firearm in violation of 18 U.S.C. §§ 922(g)(1) and 924. [D.E. ##1, 34]. On June 6, 2005, the court sentenced defendant to a term of imprisonment of 188 months. [D.E.

#41]. Defendant filed a notice of appeal on June 7, 2005. [D.E. #42]. The United States Court of Appeals for the Fourth Circuit affirmed defendant's judgment, and issued its mandate on March 30, 2006. [D.E. ##45, 46]. On June 6, 2007, defendant filed a motion to vacate pursuant to 28 U.S.C. § 2255 that was ultimately dismissed on August 15, 2007. [D.E. ##47, 50]. On November 1, 2012, defendant filed a second motion to vacate pursuant to 28 U.S.C. § 2255 without using the correct form. [D.E. #84]. Defendant failed to respond to the court's order to show cause why it should not dismiss defendant's motion due to his failure to prosecute, and his motion was dismissed on July 30, 2013. [D.E. ##90, 92].

## **COURT'S DISCUSSION**

All of defendant's motions relate to his motion filed pursuant to 28 U.S.C. § 2255 [DE #97]. Title 28 U.S.C. § 2244 (b)(3)(A) provides that before a second or successive habeas corpus application may be filed in the district court, the applicant must move the appropriate court of appeals for an order authorizing the district court to consider the application. 28 U.S.C. § 2244 (b)(3)(A); see also 28 U.S.C. § 2255(h) (requiring successive motions to be certified by a panel of the appropriate court of appeals as provided in 28 U.S.C. § 2244).

The petitioner has filed at least one prior section 2255 claim; therefore this court is without jurisdiction to review the

2

matter until authorized to do so by the United States Court of Appeals for the Fourth Circuit. Accordingly this matter is DISMISSED without prejudice for the petitioner to seek authorization to file this application in the Eastern District of North Carolina. All the other pending motions are deemed moot in light of them being related to the successive 2255 motion.

A certificate of appealability shall not issue absent "a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2) (2000). A petitioner satisfies this standard by demonstrating that reasonable jurists would find that an assessment of the constitutional claims is debatable and that any dispositive procedural ruling dismissing such claims is likewise debatable. Miller-El v. Cockrell, 537 U.S. 322, 336-38 (2003); Slack v. McDaniel, 529 U.S. 473, 484 (2000); Rose v. Lee, 252 F.3d 676, 683-84 (4th Cir. 2001). Reasonable jurists would not find this court's dismissal of Petitioner's § 2255 Motion as successive debatable. Therefore, a certificate of appealability is DENIED.

This 3rd day of December 2020.

_____
Malcolm J. Howard
Senior United States District Judge

At Greenville, NC
#26

3

Case 4:04-cr-00039-H   Document 113   Filed 12/08/20   Page 3 of 3